In re Harvey A. ENGLANDER and Sandra S. Englander, Debtors.

**MISSION VIEJO NATIONAL BANK, Appellant,**

v.

**Harvey A. ENGLANDER and Sandra S. Englander, Appellee(s).**

BAP No. CC–87–2168.
Bankruptcy No. SA 87–01581 JR.
Adv. No. SA 87–0402 JR.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted June 16, 1988.

Decided Oct. 26, 1988.

Barbara A. Maggio, Miller, Boyko & Bell, San Diego, Cal., for appellant.

Daniel E. Mintz, Greenberg & Bass, Encino, Cal., for appellees.

Before MOOREMAN, MEYERS and JONES, Bankruptcy Judges.

MOOREMAN, Bankruptcy Judge:

This appeal arises out of the bankruptcy court's order dismissing the appellant's amended nondischargeability complaint for failure to state a claim and in imposing sanctions against the appellant's attorney for $500.

## FACTS

Appellees, both individually and as corporate entities, filed Chapter 7 petitions on March 17, 1987, listing Mission Viejo National Bank (appellant) as a creditor. Appellant was an unsecured creditor holding three promissory notes with an alleged aggregate unpaid balance of $214,312.14. Notice of the June 26, 1987 bar date was mailed to all creditors, including the appellant on March 31, 1987.

On June 23, 1987, three days before the bar date, appellant filed a Complaint to Determine Dischargeability of Debt. The complaint set forth the amounts of the various debts and that they were in default. The only provision in the complaint in support of the nondischargeability of the debts was paragraph 7 which read as follows:

7. Defendants are still indebted to plaintiff in the sum of at least $200,000.00 in combined debts, plus interest, and said debts are founded upon a claim which is nondischargeable under section 523(a) of the United States Bankruptcy Code.

On July 22, 1987, appellees filed a motion to dismiss the complaint pursuant to Fed.R. Civ.P. 12(b)(6) for failure to state a claim and a motion for a more definite statement. The motions also included a request for sanctions. The appellees' motion alleged that the complaint was filed in bad faith in an attempt to avoid the bar date provisions of Bankruptcy Rule 4007(c).

On August 17, 1987, the appellant filed a First Amended Complaint to Determine Dischargeability of Debt. The amended complaint based the allegations of nondischargeability on sections 523(a)(2)(A) and 523(a)(2)(B). Additionally, the amended complaint alleged that the subject loans were obtained "by means of false pretenses [and] false representations." In support of the above allegations, the amended complaint specifically alleged the following:

[Debtors] obtained loans from [appellant] by means of false pretenses, false representations and/or the use of written statements respecting their financial condition in ways including but not limited to the following:

1. [Debtors] borrowed substantial sums of money from [appellant], on behalf of themselves individually as well as on behalf of their various business entities, with no intention to repay the borrowed sums. In so doing, [debtors] made false misrepresentations on which they knew or should have known the Bank would rely in loaning money to them, and on which the Bank in fact did rely.

2. [Debtors] caused themselves and their entities to become insolvent and/or file for bankruptcy after the loans were procured on behalf of these individuals or entities, and then later caused new entities to be formed.

3. [Debtors] furnished [appellant] with verbal and/or written information stating an inflated or inaccurate value of the collateral pledged for the loans.

4. [Debtors] requested and received extensions from [appellant] on loan repayment schedules when they knew they would not be able to meet those repayment schedules.

5. [Debtors] renegotiated repayment terms on the loans with no intention of abiding by those terms and knowing they would eventually default on the loans.

6. [Debtors] intentionally failed to keep [appellant] apprised of changes in the structure of their business entities and the status and currency of their accounts receivable, thereby making it more diffi-

cult for [appellant] to collect on or monitor the loans.

On September 10, 1987, a hearing on the appellees' motion to dismiss was held by the bankruptcy court and the matter was taken under advisement. On November 6, 1987, the court issued a Memorandum Opinion which granted the motion to dismiss based on the deficiency of the complaint and the enforcement of the bar date. The court determined that the amended complaint "regurgitates the language of § 523(a)(2)(A) and § 523(a)(2)(B) without factual backup to support these statutory allegations." The bankruptcy court order also imposed sanctions of $500 against the appellant's attorney, on the basis that under Bankruptcy Rule 9011, "she had not met her professional obligations in filing the Initial Complaint." 79 B.R. 897.

## DISCUSSION

In reviewing the bankruptcy court's dismissal of a complaint for failure to state a claim upon which relief may be granted, this Panel will apply a de novo standard of review. *In re Jenkin,* 83 B.R. 733, 734 (9th Cir.BAP 1988).

Bankruptcy Rules 7008(a) and 7009(b) set forth separate standards of notice pleading. Rule 7008(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief...." Rule 7009(b), on the other hand, requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Based on the above standards, this Panel has held:

> a complaint objecting to discharge must "state with particularity the underlying facts and the wrong alleged so that the broad policy of the federal rules to fairly

apprise parties of the complaint against them in sufficient detail to allow them to adequately answer and prepare their defense is ensured." *In re Schwartzman,* 63 B.R. 348, 355 (Bankr.S.D.Ohio 1986). *See also In re Baker,* 66 B.R. 652, 653 (Bankr.D.Nev.1986).

*In re Jenkin,* 83 B.R. at 735.

Accordingly, this Panel held that "[a] complaint that contains a mere recitation of the statutory language does not state a cause of action under Bankruptcy Code section 727(a)." *Id.*

Based on the above precept, the appellant's initial complaint in the instant case failed to state a claim. The complaint merely alleged that the debt was nondischargeable under the broad nondischargeability section of § 523(a). No specific subsection was set forth and no specific facts were alleged.

The cases cited in support of the appellant's argument each involved "complaints" which included some specificity in the descriptions of the alleged fraud and misrepresentations.

Although the appellant filed an amended complaint, it was filed after the bar date for filing such complaints had passed. The appellees argue that this amended complaint should not relate back to the filing of the original complaint.[1]

Fed.R.Civ.P. 15(c), as adopted by Bankruptcy Rule 7015, establishes the standard for determining whether an amended claim shall relate back to an original pleading. The Rule provides in the pertinent part, "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the

---

1. The bankruptcy court did not specifically address this issue but rather determined that the appellant sought to "circumvent [Bankruptcy] Rule 4007(c)" by the "use of a complaint with a bare allegation objecting to discharge filed purposely to satisfy the Rule 4007(c) bar date." E.R. #9 at 9–10. The court essentially determined that because Congress required a judicial finding of cause to extend the Rule 4007(c) bar date, the appellant could not obtain a de facto continuance by filing a bare complaint with an intention of amending after the bar date has passed.

A strict application of such a rule may be contrary to Fed.R.Civ.P. 15(a) which allows a party to amend his pleading once as a matter of course prior to the filing of a responsive pleading. Accordingly, the bankruptcy court's concerns are best remedied through the application of the relation back doctrine of Fed.R.Civ.P. 15(c).

original pleading, the amendment relates back to the date of the original pleading." Fed.R.Civ.P. 15(c).

■ Based on this standard, the Bankruptcy Appellate Panel has held that an amended complaint will relate back if "the specified conduct of the defendant, upon which the plaintiff is relying to enforce his amended claim is identifiable with the original claim." *In re Dean,* 11 B.R. 542, 545 (9th Cir.BAP 1981). In the instant case, the amended complaint is sufficiently identifiable with the original claim since the clear subject of both complaints is the dischargeability of specific loans.

Furthermore, such a holding is most consistent with the Ninth Circuit's recognition that dismissal is a harsh penalty and lesser sanctions should be explored. *See, e.g., Udom v. Fonseca,* 846 F.2d 1236, 1238 (9th Cir.1988). The bankruptcy court's imposition of sanctions against the appellant's attorney in the instant case is sufficient to allay the abuse of process concerns raised by the bankruptcy court below.

Although this Panel has determined that the amended complaint should relate back to the original complaint, we must now address the issue of whether the amended complaint "states with particularity the underlying facts and the wrong alleged." *In re Jenkin,* 83 B.R. at 735. As previously mentioned, although allegations of fraud are to be plead with "particularity," such requirement is to be viewed in light of Fed.R.Civ.P. 8, which provides that such allegations be made in a short, plain and concise statement. In this regard, the Ninth Circuit has recognized that allegations of fraud or misrepresentation must be specific enough to allow defendants to "defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner,* 780 F.2d 727, 731 (9th Cir.1985) (citation omitted).

■ As previously set forth, the amended complaint included six (6) additional paragraphs in an attempt to support the allegations of nondischargeability. After expressly identifying the loans and promissory notes at issue, the appellant specifically alleged:

3. Defendants furnished plaintiff with verbal and/or written information stating an inflated or inaccurate value of the collateral pledged for the loans.

The appellant's allegations that the misrepresentations arose specifically out of "information stating an inflated or inaccurate value of the collateral pledged for the loans" is sufficiently specific, when viewed in the context of the entire complaint, to allow the debtor to defend against the charge. Such a ruling avoids the harsh penalty of dismissal and at the same time recognizes the more liberal approach to pleading fraud in bankruptcy cases because of the short time frame in which such complaints must be filed. *See* Bankr.Rule 4004(a). *See also In re Jenkin,* 83 B.R. at 735; *In re Hollis and Co.,* 86 B.R. 152, 156 (Bankr.E.D.Ark.1988).

■ Finally, the appellant argues that the bankruptcy court "improperly assessed sanctions against the bank and its counsel" for the filing of the original complaint. Even if the appellant could establish that the $500 sanctions were an improper "lesser sanction" as contemplated above, it is clear that such sanctions were imposed only against the appellant's attorney. The appellant's attorney upon whom the sanctions were imposed was not named a party to this appeal. Accordingly, the appellant is not an "aggrieved party" and lacks standing to appeal such sanctions. *In re Taylor,* 77 B.R. 237, 240 (9th Cir.BAP 1987). *See also Matter of Fondiller,* 707 F.2d 441, 442–43 (9th Cir.1983).

## CONCLUSION

Based on the foregoing, the bankruptcy court's order dismissing the appellant's amended complaint is REVERSED and that portion of the bankruptcy court's order imposing sanctions upon the appellant's attorney is AFFIRMED.