In re Gordon C. GUNN, Debtor.

FIRST FEDERAL SAVINGS BANK OF ROGERS, ARKANSAS, Appellant,

v.

Gordon C. GUNN, Appellee.

BAP No. CC–89–1133 MeVJ.

Bankruptcy No. SA 86–03662–JB.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Nov. 14, 1989.

Decided March 6, 1990.

Simon Aron, Manatt, Phelps, Rothenberg & Phillips, Los Angeles, Cal., for appellant.

Arnold M. Stone, Newport Beach, Cal., for appellee.

Before MEYERS, VOLINN and JONES, Bankruptcy Judges.

OPINION

MEYERS, Bankruptcy Judge:

I

A creditor filed a timely complaint objecting to the dischargeability of certain debts and to the discharge of the debtor. However, well beyond the 60–day period stated by Bankruptcy Rule 4004(a) for filing such objections, the creditor sought to augment its original complaint with two additional causes of action opposing discharge of the

debtor. The trial court denied the motion. We REVERSE and REMAND for trial.

## II  FACTS

Appellee debtor Gordon C. Gunn ("Gunn") was the guarantor of two promissory notes payable to the Appellant creditor First Federal Savings Bank of Rogers, Arkansas ("First Federal"). These notes, totalling more than $22 million, were executed by Gunn on behalf of Caltennco–Colorado, Inc., of which Gunn was a principal. Once the notes were in a default status, First Federal looked to Gunn for payment. Gunn filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code ("Code") in July, 1986.

First Federal filed a timely complaint that objected to Gunn's discharge and the dischargeability of Gunn's debt. The first two causes of action invoked Code Sections 523(a)(2)(A) and (B), alleging the debtor's false pretenses, fraud and submission of materially false written financial statements. The third cause of action opposed Gunn's overall discharge on the Section 727(a)(5) ground of failure to explain satisfactorily the loss of funds loaned by the creditor.

After almost two years of substantial formal and informal discovery, and two and one-half months prior to the scheduled trial, First Federal sought to amend its complaint. It asserted additional causes under Sections 727(a)(3) and (4), for concealing or failing to keep adequate books and records and for knowingly making false oaths. The debtor opposed the late amendment on grounds of prejudice, undue delay and bad faith.

The Motion to Amend was denied at two separate hearings. Following the first hearing in November, 1988, First Federal redrafted its amended complaint to particularize allegations of the debtor's active, fraudulent concealment of facts. An order denying the renewed Motion was entered on January 26, 1989. The Panel granted leave to appeal this interlocutory order on April 20, 1989.

## III  STANDARD OF REVIEW

■ The allowance or denial of amendments of pleadings under Bankruptcy Rule 7015 and Federal Rule of Civil Procedure 15 lies generally in the discretion of the trial court. Decisions are therefore reviewed under the abuse of discretion standard. *Mende v. Dun & Bradstreet, Inc.,* 670 F.2d 129 (9th Cir.1982); *Waters v. Weyerhaeuser Mortg. Co.,* 582 F.2d 503, 507 (9th Cir.1978); *Komie v. Buehler Corp.,* 449 F.2d 644, 648 (9th Cir.1971). Nevertheless, leave to amend must be given freely when justice requires and refusal should be placed on some valid ground. Fed.R.Civ.P. 15(a); *In re Zupancic,* 38 B.R. 754, 761 (9th Cir. BAP 1984); 4 *Collier on Bankruptcy* ¶ 727.14[4], at 727–98 (15th ed. 1989).

## IV  DISCUSSION

■ The amended complaint was filed long after the Bankruptcy Rule 4004(a) deadline had passed. However, the court below should have granted First Federal's Motion to Amend since the filing of the amended complaint related back to the date of the original complaint, pursuant to Fed. R.Civ.P. 15(c). *See* Bankruptcy Rule 7015. We do not reach the issue of whether the running of the period for filing was equitably tolled by alleged concealment of information that, if known earlier, would have enabled First Federal to comply with the Rule 4004(a) requirement.

By the terms of Fed.R.Civ.P. 15(c), whenever the claim asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth, or attempted to be set forth, in the original pleading, the amendment relates back to the date of the original pleading. In applying this standard, the Panel stated in *In re Dean,* 11 B.R. 542 (9th Cir. BAP 1981) that:

> The basic test is whether the evidence with respect to the second set of allegations could have been introduced under the original complaint, liberally construed; or, as a corollary, that in terms of notice, one may fairly perceive some identification or relationship between

what was pleaded in the original and amended complaints.

11 B.R. at 545.

In discharge cases such as this one, the opportunity to amend is especially important because of the short time frame under Rule 4004(a) during which such complaints must be filed. *In re Englander*, 92 B.R. 425, 428 (9th Cir. BAP 1988); *In re Jenkin*, 83 B.R. 733, 735 (9th Cir. BAP 1988).

Several cases involving objections to discharge have applied these standards to allow the relation back of amended complaints. In *Englander*, for example, the original complaint simply referred to Section 523(a) without alleging any specific facts apart from the outstanding balance on loans. The amended complaint, filed after the Rule 4004(a) bar date, described Section 523 prohibited conduct in greater detail. The court allowed the complaint, concluding: "the amended complaint is sufficiently identifiable with the original claim since the clear subject of both complaints is the dischargeability of specific loans." 92 B.R. at 428. Also, in *In re Krank*, 84 B.R. 372, 375–77 (Bkrtcy.E.Pa.1988) a Section 727 complaint was held amendable 17 months later to include a Section 523(a)(4) claim. The court found an identity of issues because "the cause of action that plaintiff is now attempting to clarify arose out of the same attorney-client relationship underlying the original complaint." 84 B.R. at 376. *See also In re Blewett*, 14 B.R. 840, 842 (9th Cir. BAP 1981) (trial court's denial of amendment to clarify complaint as to Sections 523 and 727 held an abuse of discretion); *In re Englund*, 20 B.R. 957 (Bkrtcy.E.Mich.1982) (Section 523(a)(2) claim added to Section 523(a)(4) complaint).

The *Englander* and *Krank* cases hold that a general nexus between the original and amended complaints—such as the same loans involved, or the same attorney/client relationship—satisfies the "same transaction or occurrence" requirement of Fed.R. Civ.P. 15(c). Other cases demand a closer identity between the facts that would be provable under the original complaint and those that would be provable under the causes alleged in the amended complaint. Even using this more stringent standard, however, amended complaints have been allowed under facts similar to those in the instant case. For example, in *In re Morgan*, 41 B.R. 259 (Bkrtcy.Tenn.1984) plaintiff originally relied on Sections 727(a)(2)(A) and (B) for fraudulent concealment and transfer of property to oppose debtor's discharge. In allowing amendment of the complaint to add a Section 727(a)(4)(A) cause of action for rendering false accounts, the court stated:

> ... the act of rendering the allegedly false account is the act of concealment or at least is an integral and essential part of the alleged act of concealment. "Omission of property from verified schedules may be both a false oath and a concealment." 4 Collier on Bankruptcy ¶ 727.01[1A] at 54 (15th ed. 1984). Thus, though founded on a different legal theory than that asserted in the original complaint, plaintiff's § 727(a)(4)(A) cause of action is plainly rooted in the same essential conduct, transaction, or occurrence— the debtor's assertedly fraudulent failure to reveal the existence of property and transactions which he was required to disclose.

41 B.R. at 262. *Compare In re Mufti*, 61 B.R. 514, 517–18 (Bkrtcy.C.D.Cal.1986), in which the facts required to prove the new claims were too remote from the facts associated with the original complaint.

First Federal satisfies both the more general and the more rigorous tests of relationship between the amended complaint and the original complaint. The parties and their relationship remains the same; and both documents relate to the same loan guarantees. More significantly, the act of making false oaths under Section 727(a)(4)(A), as alleged in the amended complaint, is closely identified with the Section 523(a)(2)(A) "false pretenses, false representation, or fraud" claim in the original complaint. Similarly, the concealment or failure to keep books and financial records under Section 727(a)(3)—stated in the amended complaint—is connected to the original claim under Section 727(a)(5) for

debtor's failure to explain satisfactorily the loss of creditor's funds.

The objection to discharge and dischargeability claims of the original complaint would certainly have put the debtor on notice of the two related theories of the amended complaint. Neither a creditor's delay nor the fact that additional discovery may be required in itself justifies denying a motion to amend. *In re Christian Life Center*, 45 B.R. 905, 909 (9th Cir. BAP 1984). Since Gunn had notice from the original complaint of the additional Section 727 claims, he was not prejudiced by the late formal insertion of these claims into the pleadings. Absent prejudice to the debtor, denial of First Federal's motion was an abuse of discretion. We need not consider the "equitable tolling" issue also raised by Appellant. No formal findings of fact were made by the court below concerning First Federal's allegations that Gunn actively and fraudulently concealed information, thus preventing the creditor from discovering sufficient bases for its new claims prior to the bar date. Owing to our disposition on the relation-back issue, no such findings are needed.

REVERSED and REMANDED for trial.