216 B.R. 34 (1997)
In re Philip L. MAGNO, Debtor.
Philip L. MAGNO,
v.
Dennis Ray RIGSBY, Jr., a minor; Crystal Cathleen Raine Rigsby, a minor; Brent William Rigsby, a minor; Trisha Rae Rigsby, by their Guardian ad Litem, George Moore; George Moore, as Special Administrator of the Estate of Dennis Ray Rigsby; Richard Halderman, Chapter 7 Trustee, Appellees.
BAP No. CC-97-1389-OMeH, Bankruptcy No. LA 96-46967-KM, Adversary No. LA 97-01284-KM.
United States Bankruptcy Appellate Panel of the Ninth Circuit.
Submitted Without Oral Argument[1] on December 1, 1997.
Decided December 17, 1997.
*35 *36 Mufthiha Sabaratnam, Sabaratnam & Associates, Los Angeles, CA, for Philip L. Mango, appellant.
Mark W. Waterman, Breidenbach, Buckley, Huchting, Halm & Hamblet, Los Angeles, CA, for Dennis Ray Rigsby, Jr., Crystal Cathleen Raine Rigsby, Brent William Rigsby, Trisha Rae Rigsby, and the estate of Dennis Ray Rigsby, appellee.
Before: OLLASON, MEYERS and HAGAN, Bankruptcy Judges.

OPINION
OLLASON, Bankruptcy Judge.
The debtor, Philip Magno ("Debtor"), has appealed the bankruptcy court's order allowing the plaintiffs/appellees, consisting of the minor Rigsby children by Guardian ad Litem, George Moore, and the Estate of Dennis Ray Rigsby by its Special Administrator, George Moore (together "Rigsby"), to file an amended complaint for nondischargeability. Debtor contends that the bankruptcy court erred by allowing the amended complaint, which added a count for nondischargeability of a debt pursuant to § 523(a)(6)[2], to relate back to the original complaint, which stated a cause of action for denial of Debtor's discharge pursuant to § 727(a). We REVERSE.

FACTS AND PROCEDURE
Debtor filed a voluntary Chapter 7 bankruptcy petition on November 6, 1996. In February, 1997, Rigsby filed a timely complaint for denial of Debtor's discharge pursuant to § 727(a)(2)(A) and (a)(4)(A).[3] The *37 complaint alleged that Debtor fraudulently concealed particular assets by omitting them from his schedules and concealing their existence at the 341 meeting, and that he did so with intent to hinder, delay or defraud a creditor. The complaint stated that Rigsby had a $120,040 claim against Debtor's estate, but did not specify the facts underlying the claim.
The bar date for filing an action to determine the dischargeability of a debt under § 523 was February 11, 1997. Rigsby did not move for an extension of that deadline. On April 8, 1997, Rigsby filed a motion for leave to amend the § 727 complaint to add an alternate cause of action under § 523(a)(6), which excepts a debt from discharge if it is the result of the Debtor's "willful and malicious injury."[4]
The amended complaint explained the basis for Rigsby's claim, as follows. In 1991, Rigsby obtained general verdicts in Los Angeles County Superior Court against Debtor for the shooting death of Dennis Rigsby consisting of $120,000 for wrongful death damages and $40,000 for property damages. The wrongful death verdict expressly found that under the clear and convincing standard Debtor had not acted with malice towards Dennis Rigsby. Copies of the general verdicts were attached. Rigsby's attorney filed an affidavit which explained why the § 523 count was not pleaded in the original complaint, as follows:
8. When I filed the operative Complaint against defendant, I did not believe that my clients had any viable recourse under 11 U.S.C. Section 523(a)(6). However, I have recently come to learn that a line of cases hold [sic] that an intentional tort judgment in state court may not be dischargeable under Bankruptcy law, even if malice was not found in the state court proceeding.
In addition, the affidavit alleged that Rigsby "had never been able to recover any proceeds from the defendant in satisfaction of the judgment" because Debtor had been "hiding various assets since 1991."
Debtor opposed the motion on the grounds that it was time barred under Fed. R.Bankr.P. 4007(c) and could not relate back to an action for discharge under § 727(a).
A hearing was held on the matter on April 30, 1997. Debtor argued to the court that a complaint pursuant to § 727 did not give him notice of issues involved in a § 523(a)(6) action. Therefore, he argued that the amended complaint should not relate back to the timely filed original complaint. Rigsby argued that both complaints involved the same debt.
The bankruptcy court ruled in favor of Rigsby, holding that a § 523 count was a "lesser-included" claim of a § 727 action because the former seeks to prevent discharge of a particular debt, whereas the latter seeks to prevent discharge of all debts. The court stated:
523 is kind of a lesser-included of 727 as far as the effect. That's why I think it relates back. I think the counsel for the Debtor has a point that . . . the particular facts of the 523(a)(6), willful and malicious, there are some different factual elements. . . . But I think he was on notice.
On May 9, 1997, the bankruptcy court entered its order granting leave to amend. Debtor filed a timely notice of appeal on May 14, 1997.

ISSUE
The sole issue raised in this appeal is whether an amended complaint which adds a § 523(a)(6) claim for nondischargeability of a judgment debt resulting from prepetition conduct, which allegedly was willful and malicious, can relate back to a § 727(a) complaint which alleged only fraudulent concealment of assets, and false oath by Debtor in the bankruptcy case.

STANDARD OF REVIEW AND JURISDICTION
Leave to amend a complaint is generally within the discretion of the bankruptcy court and is reviewed under the abuse of *38 discretion standard. In re Daisy Systems Corp., 97 F.3d 1171, 1175 (9th Cir.1996). Even under the abuse of discretion standard, the bankruptcy court's decision is reversible if it is based upon an incorrect legal conclusion. In re Dominguez, 51 F.3d 1502, 1508 n. 5 (9th Cir.1995). Whether an amendment relates back to the date of the original pleading under Fed.R.Civ.P. 15(c)(2) is a legal question which we review de novo. Id. at 1509; Martell v. Trilogy Ltd., 872 F.2d 322, 325 (9th Cir.1989).
The Panel agrees with Rigsby's contention on appeal that the order granting leave to amend was an unappealable, interlocutory order. See In re Travers, 202 B.R. 624, 625 (9th Cir. BAP 1996) (an order allowing an extension for filing a § 523 complaint was interlocutory). An interlocutory order is one "which does not finally determine a cause of action, but instead decides only an intervening matter." In re Kashani, 190 B.R. 875, 882 (9th Cir. BAP 1995). To become final, the order must end the litigation or dispose of a complete claim for relief, leaving nothing for the court to do but execute the judgment. Id. Here, the order granting leave to amend the complaint set the dischargeability dispute into motion but did not resolve it.
28 U.S.C. § 158(a) authorizes the Panel to grant leave to appeal an interlocutory order. Travers, 202 B.R. at 626. Furthermore, under Fed.R.Bankr.P. 8003(c), the Panel may deem a notice of appeal a motion for leave to appeal where the latter motion has not been filed. Id. "Granting leave is appropriate if the order involves a controlling question of law where there is substantial ground for difference of opinion and when the appeal is in the interest of judicial economy because an immediate appeal may materially advance the ultimate termination of the litigation." Kashani, 190 B.R. at 882.
This appeal concerns a legal issue as to which there is no Ninth Circuit case law precisely on point. Review now may limit the scope of litigation and thus advance its ultimate termination. Therefore, we grant leave to appeal.

DISCUSSION
Leave to amend pleadings "shall be freely given when justice so requires." See Fed.R.Bankr.P. 7015/Fed.R.Civ.P. 15(a). The Ninth Circuit applies this rule with "extreme liberality." Forsyth v. Humana, Inc., 114 F.3d 1467, 1482 (9th Cir.1997) (citing Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir.1990)), cert. denied, ___ U.S. ____, 118 S.Ct. 559, 139 L.Ed.2d 401 (1997). In discharge cases, the opportunity to amend is especially important because of the short time frame under which such a complaint must be filed. In re Gunn, 111 B.R. 291, 293 (9th Cir. BAP 1990).
In exercising its discretion, a bankruptcy court "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir.1981); see also Conley v. Gibson, 355 U.S. 41, 47-48, 78 S.Ct. 99, 102-03, 2 L.Ed.2d 80 (1957). A bankruptcy court considers the following factors to determine whether a motion to amend should be granted: "(1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party." Forsyth, 114 F.3d at 1482.
Only the futility issue is relevant in this case. It was undisputed that Rigsby's amended complaint was filed after the deadline expired for the filing of a § 523 complaint. See Fed.R.Bankr.P. 4007(c). Fed. R.Bankr.P. 4004(d) and 4007(e) state that the adversary rules apply to nondischargeability proceedings. Adversary rule Fed. R.Bankr.P. 7015/Fed.R.Civ.P. 15(c) provides that an amended pleading "relates back" to the date of the original pleading under certain conditions. Therefore, if Rigsby's amended complaint did not relate back to the original complaint, it would have been a futile gesture for the bankruptcy court to grant leave to amend. Under these circumstances, unless the bankruptcy court reasonably concluded that amendment would not be futile, it abused its discretion by granting leave to amend. See Allwaste, Inc. v. Hecht, 65 F.3d 1523, 1530 (9th Cir.1995).
A claim will relate back if:

*39 (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading;. . . .
Fed.R.Civ.P. 15(c).
Such a link will be found when "the claim to be added will likely be proved by the `same kind of evidence' offered in support of the original pleading." Dominguez, 51 F.3d at 1510 (quoting Percy v. San Francisco Gen. Hosp., 841 F.2d 975, 978 (9th Cir.1988) and Rural Fire Protection Co. v. Hepp, 366 F.2d 355, 362 (9th Cir.1966)). The focus of the inquiry is on the factual allegations made in the two complaints so as to give the opposing party fair notice of the claims against him. See In re Dean, 11 B.R. 542 (9th Cir. BAP 1981), aff'd, 687 F.2d 307 (9th Cir.1982):
In determining whether an amended cause of action is to relate back, the emphasis is not on the legal theory of the action, but whether the specified conduct of the defendant, upon which the plaintiff is relying to enforce his amended claim, is identifiable with the original claim. The basic test is whether the evidence with respect to the second set of allegations could have been introduced under the original complaint, liberally construed; or as a corollary, that in terms of notice, one may fairly perceive some identification or relationship between what was pleaded in the original and amended complaints.
Id. at 545 (citations omitted).
Rigsby cites to no case which has allowed an identical amendment as is present here. Their argument for relation back of the § 523(a)(6) claim is based, in part, on the argument that the original complaint mentioned the debt so the debt was the relationship between the two. They state on pages 9-10 of the appellees' brief:
Appellees, original complaint alleged that appellees hold a claim against appellant for $120,040. The $120,040 figure represented the wrongful death judgment previously awarded against appellant. Thus, appellees based their original complaint upon a nucleus of facts encompassing, and based upon, the wrongful death action and judgment against appellant. Appellees' § 523(a)(6) cause of action arises out of the same wrongful death action. Accordingly, appellees' § 523(a)(6) action could have been asserted in the original complaint, as the original complaint asserted facts giving rise to the § 523(a)(6) action.
Rigsby's original complaint only stated that they held a $120,040 claim. The complaint did not provide any facts concerning the nature of the claim or what conduct by Debtor caused the debt. In sum, the complaint did not allege any facts which would have proven the required elements of a § 523(a)(6) action. Rigsby contends that the same judgment debt was alleged in both complaints. The discrete issue is whether that allegation was enough of a nexus between the two complaints.
In resolving this issue it is helpful to examine the application of the relation-back rule by the courts, which utilize more or less stringent standards. See Gunn, 111 B.R. at 293. According to Gunn, some less rigorous courts "hold that a general nexus between the original and amended complaints  such as the same loans involved, or the same attorney/client relationship  satisfies the `same transaction or occurrence' requirement of Fed.R.Civ.P. 15(c)." Id.
One case cited in Gunn was In re Krank, 84 B.R. 372 (Bankr.E.D.Pa.1988), in which a § 727 complaint was held amendable 17 months later to include a § 523(a)(4) claim. The latter provision excepts a debt from discharge for fraud or defalcation in connection with a fiduciary relationship. In Krank, the plaintiff filed a complaint in Krank's bankruptcy case which stated that he was a plaintiff in a legal malpractice action pending against Krank in state court. The plaintiff objected to Krank's discharge by reason of his malpractice insurance. The complaint also sought relief from the automatic stay, alleging that because Krank had malpractice insurance the continuance of the state court action would not prejudice the estate. Id. at 373.
The original complaint in Krank did not describe the detailed facts of the state court complaint, such as alleging facts which would *40 satisfy the elements of § 523(a)(4). Id. at 376 n. 7. Subsequently, the plaintiff responded to a motion for summary judgment in which he asserted the § 523(a)(4) claim on the basis that the state court complaint alleged that Krank violated his fiduciary duty. Id. at 376.
The bankruptcy court found that an "attorney/client relationship can give rise to a fiduciary relationship within the meaning of § 523(a)(4)." Id. at 376. Since the original complaint mentioned the legal malpractice action which arose from the same attorney/client relationship which formed the basis for the § 523(a)(4) claim, the bankruptcy court held that an identity of issues existed, and it allowed the plaintiff the opportunity to amend the complaint to allege the additional facts. Id. at 376-77.
In Krank, the bankruptcy court allowed amendment because the original complaint at least mentioned the existence of the attorney/client relationship and the legal malpractice state court action which gave notice to the debtor of a possible nondischargeability claim based upon a fiduciary relationship. The instant case is distinguishable because simply mentioning a $120,040 claim against the estate does not give any indication of the nature of that claim or the types of causes of action which can be asserted from that claim.
Another less rigorous case cited in Gunn was In re Englander, 92 B.R. 425 (9th Cir. BAP 1988).[5] In that case the first complaint to determine dischargeability of debt set forth the amounts of three loan debts and alleged that the debts were founded upon a claim that was nondischargeable under § 523(a). Id. at 426. Following the bar date for such complaints, the plaintiff filed a first amended complaint basing the allegations of nondischargeability on §§ 523(a)(2)(A) and (a)(2)(B). Additionally, the amended complaint alleged that the subject loans were obtained "by means of false pretenses [and] false representations." Id. at 426. More factual details of the actual loan transactions were set forth. Id. The bankruptcy court held that the amended complaint related back to the original complaint because "the clear subject of both complaints is the dischargeability of specific loans." Id. at 428.
Englander is readily distinguishable from the present case because there the allegations of debt nondischargeable under § 523(a) were the same allegations later expounded upon in the amended complaint. In the present case, the allegations that Debtor fraudulently concealed assets or gave false oath concerning his assets pursuant to § 727(a) were not the same facts as the later § 523(a)(6) allegations that Debtor's act of killing Dennis Rigsby which resulted in the wrongful death judgment was willful and malicious.
Although Rigsby contends that the fact of the debt itself was the same, a liberal amendment policy that would not require a plaintiff to plead any facts except to mention the words "claim" and "discharge" would eviscerate the pleading requirements. See Fed.R.Bankr.P. 7008/Fed.R.Civ.P. 8(a) (stating that a pleading shall contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). The purpose of notice pleading is to "`give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" In re Marino, 37 F.3d 1354, 1357 (9th Cir.1994) (quoting Conley v. Gibson, 355 U.S. at 47, 78 S.Ct. at 102-03).
As the BAP has stated:
Generally, a party cannot succeed on a cause of action not stated in the complaint. . . . "([The] plaintiff must at least set forth enough details so as to provide defendant and the court with a fair idea of the basis of the complaint and the legal grounds claimed for recovery."); *41 In re Jodoin, 209 B.R. 132, 136 (9th Cir. BAP 1997) (footnote and citations omitted)(quoting In re Acequia, Inc., 34 F.3d 800, 814 (9th Cir.1994)). Compare In re Kubick, 171 B.R. 658, 660 (9th Cir. BAP 1994) and In re Jenkin, 83 B.R. 733, 735 (9th Cir. BAP 1988) (both holding that mere recitation of the statutory language does not state a cause of action but is sufficient to allow amendment).
Therefore, we reject Rigsby's overly broad reading of Fed.R.Civ.P. 15(c) because the mere mention of a "claim" did not satisfy notice pleading requirements. The original complaint was not technically defective because the amended complaint set forth other factual allegations unrelated to the substance of the original claim. See In re Blewett, 14 B.R. 840, 842 (9th Cir. BAP 1981) (complaint contained errors in terminology but gave adequate notice). Furthermore, Rigsby's attorney's affidavit stated that he intentionally did not bring a § 523(a)(6) action in the original complaint. Therefore, this is not a case where form would be elevated over substance because of inartful pleading if amendment were denied.
The majority of cases which we have reviewed which construed § 523 and § 727 complaints held that an amendment can only relate back if the new claim relies on the same facts and does not seek to insert new facts. See Gunn, 111 B.R. at 292; In re Srour, 138 B.R. 413, 418 (Bankr.S.D.N.Y. 1992) ("[A]n amendment which states an entirely new claim for relief based upon a different set of facts, will not relate back."); In re Klein, 31 B.R. 947, 950 (Bankr.E.D.N.Y. 1983) (for relation back, "[t]he inquiry should focus on the notice given by the general fact situation as set forth in the original pleadings"); Dean, 11 B.R. at 545.
In In re Cohen, 139 B.R. 327 (Bankr. E.D.Pa.1992), a bankruptcy judge in the same district as the liberal Krank opinion held that the plaintiff who had asserted a § 523(a)(2)(A) claim in its original complaint, but wrote § 727 on the adversary cover sheet, could amend to insert a § 727(a)(2)(A) claim which did not allege new facts. Id. at 335.
In In re Perez, 173 B.R. 284 (Bankr. E.D.N.Y.1994), the plaintiff filed an original and first amended complaint objecting to the "discharge of its claim against [the] debtor" but pursuant to § 727(a)(2)(A). Id. at 288. The complaints alleged various facts concerning loan transactions between the plaintiff and the debtor and conduct by the debtor. However, the facts did not present any allegations of "fraud in the execution of the note and subsequent guarantee, defalcation and/or injury to property by conversion." Id. at 292. Therefore, when the plaintiff sought to amend the amended complaint beyond the bar date by adding new facts to support new claims under §§ 523(a)(2)(A), (a)(4) and (a)(6), the bankruptcy court denied leave to amend. Id. at 292.
Other cases which have denied relation back of a § 523 claim to an original § 727 complaint include: Rufenacht, Bromagen, and Hertz, Inc. v. Russell, 69 B.R. 394, 395 (D.Kan.1987) (holding that actions under § 727 are factually different from actions under § 523); In re McClellan, 60 B.R. 719, 721-22 (Bankr.E.D.Va.1986) (amendment denied where events and occurrences pleaded for § 523 claim "antedate" the concealment that was the basis of the original complaint).[6]
In re Harrison, 71 B.R. 457 (Bankr. D.Minn.1987) was a case which applied the rigorous standard under the Fed.R.Bankr.P. 4004(a) and 4007(c) limitations rules. In disallowing an amendment of a complaint brought under § 727(a) to add a count under § 523(a), the court noted the substantial differences in these claims:
In commencing a dischargeability proceeding under § 523(a), a creditor seeks to vindicate only its own debt. On the other hand, in joining an objection to discharge under § 727(a), a private creditor assumes something of the role of a trustee. Section *42 727(a) is directed toward protecting the integrity of the bankruptcy system by denying discharge to debtors who engaged in objectionable conduct that is of a magnitude and effect broader and more pervasive than a fraud on, or injury to, a single creditor. Because exceptions to discharge and objections to discharge are two completely distinct and radically-different causes of action, proceedings involving them are in essence separate lawsuits even though they may be pleaded jointly in the same complaint.
Id. at 459 (footnote omitted).
Despite the factual differences between the two complaints recognized by the bankruptcy court in the present case, the bankruptcy court nevertheless held that Debtor had notice of the amended claim because a § 523 claim is the lesser-included of the § 727 claim. A "lesser-included" claim is generally understood to be one which is "composed of some, but not all elements of a greater offense and which does not have any element not included in [the] greater offense." BLACK'S LAW DICTIONARY at 902 (6th ed.1990).
To prove a § 523(a)(6) claim, Rigsby must show that there was an intentional act by Debtor which caused injury to Rigsby or their property. In re Cecchini, 780 F.2d 1440, 1443 (9th Cir.1986). On the other hand, under § 727(a)(2)(A), there must be findings that Debtor concealed his property with the intent to hinder, delay, or defraud a creditor. In re Lawson, 122 F.3d 1237, 1240 (9th Cir.1997). Section 727(a)(4)(A) requires a finding that Debtor knowingly and fraudulently made a false oath or account in, or in connection with, the case. In re Aboukhater, 165 B.R. 904, 910 (9th Cir. BAP 1994).
The elements under § 523(a)(6) are not included in those required for § 727 and are clearly distinct from them. Even under a liberal definition of lesser-included claim, the 523(a)(6) claim does not fit the definition. Perhaps that is a reason why there are separate Code sections for these discharge exceptions.
Based on the foregoing analysis, we hold that the bankruptcy court erred when it determined that the § 523(a)(6) claim related back to the original complaint.

CONCLUSION
Rigsby's untimely amended complaint, which added a count under § 523(a)(6), pleaded a new theory as well as new facts. The mere mention of the $120,040 claim was not enough to give notice of the facts underlying that claim so as to be a nexus between the two complaints. Therefore, the amended complaint did not relate back to the original, timely-filed § 727 complaint. Because the amended complaint was time-barred, the bankruptcy court abused its discretion by granting Rigsby leave to amend. The bankruptcy court's order of May 9, 1997, is REVERSED.
NOTES
[1] The Bankruptcy Appellate Panel ("BAP") has determined that this appeal is suitable for decision without oral argument. See Fed.R.Bankr.P. 8012 and BAP Rule 3(a).
[2] References to "Chapter," "Code" or "Section/§" are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330.
[3] Section 727 provides:

(a) The court shall grant the debtor a discharge, unless
. . . .
(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed 
(A) property of the debtor, within one year before the date of the filing of the petition;. . . .
(4) the debtor knowingly and fraudulently, in or in connection with the case 
(A) made a false oath or account;
11 U.S.C. § 727.
[4] Under § 523(a)(6), a discharge under Chapter 7 does not discharge an individual debtor from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."
[5] Factually, Gunn is not particularly helpful to this appeal. In that case, the BAP reversed the bankruptcy court's denial of leave to amend a complaint objecting to the debtor's discharge in order to add §§ 727(a)(3) and (a)(4), when the original complaint alleged facts under and cited Code §§ 727(a)(5) and 523(a)(2)(A) and (a)(2)(B). Gunn, 111 B.R. at 292. Both complaints asserted claims based on identical loan transactions and notes guaranteed by Gunn. In addition, the § 727 claims concerned alleged loss of funds from those same loans. Id. at 293-94. In contrast, in the instant case, the § 727 allegations originally made concerned concealment of various assets and properties not associated with the alleged willful and malicious conduct.
[6] Other cases have held that the facts are too dissimilar to allow an amendment to a § 727 or § 523 complaint to include another subsection. See In re Mufti, 61 B.R. 514, 517 (Bankr.C.D.Cal. 1986); In re Wahl, 28 B.R. 688, 691 (Bankr. W.D.Ky.1983) (relying on Dean, 11 B.R. at 545, which upheld the dismissal of a complaint and determined that an amended § 523(a)(2)(B) claim "shifted to new ground in alleging fraudulent conduct" from the original § 523(a)(2)(A) claim).