**In re John BOZEMAN, Debtor.**

**KBHS BROADCASTING CO., INC., Plaintiff—Appellant,**

**v.**

**Mack SANDERS; Great American Broadcasting Co. of Arkansas, Inc.; J & A, Inc.; Comstat, Inc., an Arkansas Corporation; Sherry Sanders, Defendants—Appellees,**

**George Donnelly; Defendant,**

**John Bozeman, Defendant—Appellee.**

**KWHK BROADCASTING CO., INC., Plaintiff—Appellant**

**v.**

**Mack SANDERS, Defendant—Appellee.**

**BAP Nos. 98–6041WA, 98–6042WA.**

United States Bankruptcy Appellate Panel of the Eighth Circuit.

Submitted Sept. 25, 1998.

Decided Nov. 20, 1998.

R. Patrick Riordan, Bruce J. Woner, Topeka, KS, Adam Williams, Hot Springs, AR, for appellants.

Byron Cole Rhodes, Hot Springs, AR, for appellees.

Before KOGER, Chief Judge, SCHERMER and KILBURG,[1] Bankruptcy Judges

---

1. The Honorable Paul J. Kilburg, United States Bankruptcy Judge for the Northern District of Iowa, sitting by designation.

KILBURG, Bankruptcy Judge.

KBHS Broadcasting Co. and KWHK Broadcasting Co. ("the Stations") appeal from bankruptcy court[2] orders denying their motions to amend adversary complaints. We affirm, and conclude that the bankruptcy court did not abuse its discretion in determining that the proposed amendments were time-barred.

## I

## BACKGROUND

The Stations filed lawsuits against Debtor John Bozeman, a.k.a. Mack Sanders ("Bozeman"), in United States District Court in Kansas regarding the sale of radio stations. The complaints allege counts of breach of contract and breach of fiduciary duty arising out of the contract. While the suits were pending, Bozeman filed his bankruptcy petition on May 28, 1997, in the Western District of Arkansas. Bozeman did not list the Stations as creditors in his original bankruptcy schedules. When Bozeman amended his schedules on November 21, 1997, he added KBHS as a creditor, but not KWHK.

The original deadline for creditors to file complaints objecting to discharge of debtor or dischargeability of debts was January 20, 1998. On that date, the Stations requested a one-month extension of the deadline, stating they intended to transfer their cases from U.S. district court in Kansas and assert nondischargeability claims under 11 U.S.C. § 523. The Stations then filed motions with the U.S. district court in Kansas to refer the cases to bankruptcy court. Those motions also stated their intention to assert nondischargeability claims in the bankruptcy proceedings. The Stations again stated such intent in a second motion for extension of deadlines to file adversary complaints. This motion was filed because the Kansas court had not yet ruled on the motions to transfer. The bankruptcy court set March 23, 1998, as the final deadline for filing complaints.

On February 26, 1998, the U.S. district court in Kansas transferred the cases to the Arkansas bankruptcy court where they were docketed as adversary proceedings. The Stations then submitted cover sheets describing the "Nature of Suit" by checking the following boxes: To Recover Money or Property, To object to or revoke a discharge 11 U.S.C. § 727, and To determine the dischargeability of a debt 11 U.S.C. § 523.

On March 24, 1998, one day after the final deadline for filing complaints, the Stations filed motions to amend. Their proposed amended complaints contain counts objecting to discharge under § 727(a)(3), and objecting to dischargeability of certain debts under § 523(a)(2), (4) and (6). The Stations explain they sent the motions to amend on March 20, 1998, for overnight delivery intending the documents to be filed before the deadline. The Clerk of Bankruptcy Court did not receive the motions until March 24, 1998, because the Stations used an incorrect address. The Stations used an address they found listed on a private, non-court-related website.

In an order filed April 6, 1998, the bankruptcy court denied the Stations' motions to amend, holding the motions were untimely. The Stations then filed motions to alter or amend the order, based on the relation back doctrine. The bankruptcy court denied these motions on April 23, 1998. It concluded it was without authority to permit an amendment of a state law complaint or the filing of a new complaint after the time expired on March 23, 1998.

On appeal, the Stations argue their amendments to the adversary complaints raising dischargeability claims relate back under Fed.R.Civ.P. 15(c), making them timely. They assert the underlying facts of their claims in both the original complaints and the amended complaints are identical. The crux of the Stations' argument is that Bozeman would not be prejudiced by an untimely amendment because he had notice of their intent to object to dischargeability under § 523(a) and to discharge under § 727(a). They assert such notice appears in their motion requesting referral of the case from U.S.

**2.** The Honorable Mary Davies Scott, United States Bankruptcy Judge for the Western District of Arkansas.

district court in Kansas and motions in the bankruptcy case requesting extension of the deadline for filing complaints, as well as from the cover sheet they prepared to accompany the transferred complaints. The Stations urge this court to apply a de novo standard of review and reverse the bankruptcy court's relation back decision.

## II

### STANDARD OF REVIEW

■ The Stations assert the ruling they appeal from, a decision based upon the doctrine of "relation back," should be reviewed "de novo." Generally, the determination of whether to allow a party to amend a complaint in this Circuit is left to the discretion of the trial court. *ARE Sikeston Limited Partnership v. Weslock National, Inc.*, 120 F.3d 820, 832 (8th Cir.1997). In *In re Bellanca Aircraft Corp.*, 850 F.2d 1275, 1283 (8th Cir.1988), the bankruptcy trustee argued that proposed amendments to a preference complaint should relate back to the date of the original complaint. The Court applied the abuse of discretion standard and affirmed the bankruptcy court's ruling that the proposed claims would not relate back. *Id.*

Unlike the Eighth Circuit, the Ninth Circuit has used the de novo standard of review for Rule 15 relation back decisions. *See In re Dominguez*, 51 F.3d 1502, 1509 (9th Cir. 1995). That circuit's bankruptcy appellate panel acknowledges in *In re Magno*, 216 B.R. 34, 37–38 (9th Cir. BAP 1997), that generally leave to amend is within the discretion of the bankruptcy court and is reviewed under an abuse of discretion standard. "Even under the abuse of discretion standard, the bankruptcy court's decision is reversible if it is based upon an incorrect legal conclusion. Whether an amendment relates back to the date of the original pleading under Fed. R.Civ.P. 15(c)(2) is a legal question which we review *de novo.*" *Id.* at 38 (citations omitted). The court held the amended complaint was time-barred and the bankruptcy court abused its discretion by granting leave to amend. *Id.* at 42.

■ This court declines to adopt the de novo standard of review. Rules 4004 and 4007 of the Federal Rules of Bankruptcy Procedure establish time limits for filing complaints objecting to discharge of a debtor or to dischargeability of a debt. These rules are analogous to statutes of limitations and are strictly construed. *See In re Themy*, 6 F.3d 688, 689 (10th Cir.1993); *cf. Taylor v. Freeland & Kronz*, 503 U.S. 638, 643–44, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992) (applying Rule 4003(b) which similarly limits time to object to exemptions). In its relation back decision, the bankruptcy court was required to balance the strict construction of the Rule 4004 and 4007 deadlines against the more lenient standard shown to motions to amend. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Bellanca Aircraft*, 850 F.2d at 1283. We conclude that the bankruptcy court achieved the appropriate balance and abuse of discretion is the correct standard of review.

## III

### RELATION BACK OF AMENDMENT

■ As a general proposition of law, leave to amend a pleading should be liberally granted unless a compelling reason, such as prejudice to an opposing party, exists. See *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Rule 15(c) is applicable in adversary proceedings in bankruptcy court. Fed. R. Bankr.P. 7015. Rule 15(c) allows relation back of a claim or defense asserted in an amended pleading if the claim or defense "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c). The basic inquiry is whether the amended pleading is related to the general fact situation alleged in the original pleading. *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1543 (8th Cir.1996); *Bellanca Aircraft Corp.*, 850 F.2d at 1283.

■ Despite its broad language, Rule 15(c) is designed to allow the addition of new claims based on the general fact situation originally alleged only if there is no unfair surprise or prejudice. *Fuller v. Marx*, 724 F.2d 717, 720 (8th Cir.1984). The rule does not contemplate depriving defendants of the protections of a statute of limitations. *Id.*

The liberal policy for granting motions to amend exists, in part, to enable a party to assert claims that were unknown or overlooked at the time of the original complaint. *In re Stavriotis,* 977 F.2d 1202, 1206 (7th Cir.1992). The right to file amended complaints, however, is not unqualified. *Id.* At some point, a deadline for discovering unknown or overlooked claims must be set. If not, parties are free to bring entirely new causes of action without consideration for time limits. "Rule 15(c) does not permit lawyers to endlessly answer the question: How many causes of action can you find in this fact situation?" *Marsman v. Western Electric Co.,* 719 F.Supp. 1128, 1143 (D.Mass. 1988). Defendants should not have to guess which claims plaintiffs will ultimately attempt to prove.

The case law does not establish a bright line test defining when sufficient notice exists to allow relation back of an amendment. Some courts find sufficient notice when the notice arises outside the pleadings. *Senger v. Soo Line R.R. Co.,* 493 F.Supp. 143, 145 (D.Minn.1980) (finding sufficient notice from pretrial conference a year before at which magistrate granted leave to amend); *In re Krank,* 84 B.R. 372, 376 (Bankr.E.D.Pa.1988) (finding amendment merely referring to a state court complaint sufficiently states a § 523(a)(4) claim). Other courts refuse to find sufficient notice of a claim from nonpleadings. *In re Twersky,* 190 B.R. 903, 908 (Bankr.C.D.Cal.1996) (finding pre-bar date motion to reject an executory contract inadequate to constitute a timely nondischargeability complaint or a timely motion to extend the bar date); *In re Marino,* 143 B.R. 728, 731 (9th Cir. BAP 1992) (holding a pre-bar date Opposition to Sale was not a "pleading" to which the complaint could relate back under Rule 15), *aff'd* 37 F.3d 1354 (9th Cir. 1994); *In re Jasperson,* 116 B.R. 740, 745 (Bankr.S.D.Cal.1990) (finding cover sheet and application for removal of case insufficient to put debtors on notice). "The policy of construing pleadings liberally does not justify the conclusion that any document filed in a court giving some notice of a claim satisfies the requirements of the Federal Rules." *In re Marino,* 37 F.3d 1354, 1357 (9th Cir.1994).

■ The Eighth Circuit has stated it is axiomatic that a complaint may not be amended by briefs in opposition to a collateral motion. *Morgan Distributing Co. v. Unidynamic Corp.,* 868 F.2d 992, 995 (8th Cir. 1989) (considering relation back in applying a state savings statute). "To hold otherwise would mean that a party could unilaterally amend a complaint at will, even without filing an amendment, and simply by raising a point in a brief." *Id.* (citations omitted). Similarly, a plaintiff cannot rely on the cover sheet to interpret the complaint under the Federal Rules. *Rachal v. Ingram Corp.,* 795 F.2d 1210, 1214 n. 3 (5th Cir.1986); *In re Goscicki,* 207 B.R. 893, 896 (9th Cir. BAP 1997).

■ Based on the foregoing principles, we conclude the bankruptcy court did not abuse its discretion in denying the Stations' motions to amend. The decision was not based on an erroneous view of the law or clearly erroneous factual findings. The Stations' original complaints filed in U.S. district court in Kansas were limited to allegations that Bozeman defaulted under the terms of a contract for the sale of property and breached an agreement to collect funds to be remitted to the Stations. When the cases were transferred, the only issues for determination in a bankruptcy context related to liquidation of the amount of these contract claims in an expeditious manner.

The amended complaints greatly expand the scope of issues raised. For the first time, issues of nondischargeability are raised. The amended complaints allege Bozeman committed a breach of fiduciary duty and fraud such that the debt is nondischargeable under § 523(a)(2), (4) and (6), and committed fraud through breach of contract making the debt nondischargeable under § 523(a)(2) and (6). Likewise, for the first time, the Stations seek denial of a discharge pursuant to § 727(a)(3). In their amended complaint, they allege concealment, falsification and destruction of business records by Bozeman. These allegations of fraud, concealment, and destruction of business records are well beyond the scope of any allegations made in the original complaints. There is no doubt that Bozeman is prejudiced if the amended com-

plaints are allowed to relate back to the original complaints because relation back would deprive him of the protection of the strict deadlines established by Rules 4004 and 4007.

■ In accordance with existing case law, we conclude that the adversary cover sheets and other motions filed by the Stations before the final deadline for filing dischargeability complaints do not constitute pleadings. While these documents give Bozeman some notice of the Stations' dischargeability claims, they are insufficient to satisfy the notice requirements of the Federal Rules. The Stations' motions indicate merely an intent to assert dischargeability claims and fail to comply with the requirements of notice pleading. Additionally, cover sheets are not actually filed in adversary proceedings or served on opposing parties. Nothing in the record establishes that Bozeman was aware of the information on the cover sheets prior to the deadline for filing dischargeability complaints.

## IV

## CONCLUSION

We apply the abuse of discretion standard of review to the bankruptcy court's relation back decision. In so doing, we conclude the bankruptcy court did not abuse its discretion in denying the Stations' motions to amend and motions to alter or amend judgment. The Stations' pleadings in the adversary proceeding were insufficient to give Bozeman timely notice of their objections to dischargeability under § 523(a) and to discharge under § 727(a). Notice of the Stations' intent to assert such claims arising outside the pleadings, in their collateral motions and the adversary cover sheet, does not permit their untimely amended complaints to relate back. Accordingly, the orders of the bankruptcy court are affirmed.