NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID STURGEON-GARCIA, | No. 17-15922 |
| Plaintiff-Appellant, | D.C. No. 4:16-cv-00526-YGR |
| v. | |
| JOSEPH MICHAEL CAGNO, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted October 16, 2018[**]
San Francisco, California

Before: HAWKINS and HURWITZ, Circuit Judges, and ROSENTHAL,[***]
District Judge.

Stanley Carnekie sued Joseph Cagno in California state court, and Cagno

stipulated to judgment on all counts in the complaint. One count alleged fraudulent

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Lee H. Rosenthal, Chief United States District Judge for the Southern District of Texas, sitting by designation.

inducement.

After Cagno filed a Chapter 7 bankruptcy petition, David Sturgeon-Garcia, who had been assigned the judgment debt,[1] filed an adversary proceeding alleging that the debt was nondischargeable under 11 U.S.C. § 523(a)(2)(A) because it arose from fraud. The bankruptcy court rejected the argument after a bench trial and discharged the debt. The district court affirmed on appeal. This appeal followed.

We have jurisdiction over Sturgeon-Garcia's appeal under 28 U.S.C. § 158(d)(1) and 28 U.S.C. § 1291. We review the bankruptcy court's legal conclusions de novo and its factual findings for clear error, *Willms v. Sanderson*, 723 F.3d 1094, 1099 (9th Cir. 2013), and affirm.

1. The bankruptcy court did not err in rejecting Sturgeon-Garcia's issue-preclusion argument. Because no issue is tried when a judgment is entered by stipulation, courts generally do not give such judgments issue preclusive effect. *Arizona v. California*, 530 U.S. 392, 414 (2000) (citing Restatement (Second) of Judgments § 27). California courts sometimes find issue preclusion if the parties have manifested an intent to be bound by a consent judgment's terms. *Cal. State Auto. Ass'n Inter-Ins. Bureau v. Superior Court*, 788 P.2d 1156, 1159 (Cal. 1990) (en banc); *see also In re Harmon*, 250 F.3d 1240, 1245 (9th Cir. 2001) (applying state law to determine the preclusive effect of a state-court judgment). But Carnekie

---

[1] Sturgeon-Garcia had represented Carnekie in the state-court proceedings.

and Cagno did not manifest such an intent; indeed, their counsel agreed on the record in the state-court proceedings that the "damages reflected in the stipulated judgment do not relate to any claim of fraud."

2. Sturgeon-Garcia argues that the bankruptcy court failed to consider his fraudulent concealment theory. To prevail on his § 523(a)(2)(A) claim—whether based on affirmative misrepresentation or fraudulent concealment—Sturgeon-Garcia was required to show "an intent to deceive." *In re Slyman*, 234 F.3d 1081, 1085 (9th Cir. 2000). The bankruptcy court found that Cagno did not intend to deceive Carnekie.

3. The bankruptcy court did not err in denying Sturgeon-Garcia leave to amend to assert a claim under 11 U.S.C. § 523(a)(4). Because the judgment debt could not have arisen out of a breach of partnership duties not alleged in the state-court complaint, the proposed amendment did not relate back to the original complaint and would have been time barred under Federal Rule of Bankruptcy Procedure 4007(c). *See In re Magno*, 216 B.R. 34, 41 (B.A.P. 9th Cir. 1997) ("[A]n amendment can only relate back if the new claim relies on the same facts and does not seek to insert new facts.").

4. The bankruptcy judge did not abuse his discretion in denying admission into evidence the transcript of Cagno's deposition and a document listing various admissions made by Cagno. Cagno testified at the trial before the bankruptcy judge,

who allowed use of the transcript in impeachment. Sturgeon-Garcia also failed to identify the admissions document as a proposed exhibit in his pre-trial filings. *See United States v. Johnson*, 618 F.2d 60, 62 (9th Cir. 1980) ("Trial management is, as it must be, within the spacious discretion of the trial judge.").

5.	We decline to sanction Sturgeon-Garcia for filing a frivolous appeal. *See* Fed. R. App. P. 38.

**AFFIRMED.**

4