**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 23 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: SAJID A. RAVASIA; DEBRA J. RAVASIA, Debtors, ------------------------------ SAJID A. RAVASIA; DEBRA J. RAVASIA, Appellants, v. UST - UNITED STATES TRUSTEE, SPOKANE, Appellee. | No. 21-60029 BAP No. 20-1212 MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Brand, Taylor, and Lafferty III, Bankruptcy Judges, Presiding

Argued and Submitted February 8, 2022
Seattle, Washington

Before: BYBEE, BEA, and CHRISTEN, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appellants Sajid and Debra Ravasia challenge the Bankruptcy Appellate Panel's (BAP) decision affirming the bankruptcy court's order granting leave to amend the adversarial complaint in the Ravasias' Chapter 7 proceedings. We review BAP decisions de novo, applying "the same standard of review that the BAP applied to the bankruptcy court's ruling." *In re Boyajian*, 564 F.3d 1088, 1090 (9th Cir. 2009). The bankruptcy court's legal conclusions are similarly reviewed "*de novo*, [and] its factual findings for clear error." *In re Albert*, 998 F.3d 1088, 1091 (9th Cir. 2021). "Whether an amendment relates back to the date of the original pleading under Fed. R. Civ. P. 15(c)(2) is a legal question" that this court reviews de novo. *In re Magno*, 216 B.R. 34, 38 (B.A.P. 9th Cir. 1997). The bankruptcy court had jurisdiction under 28 U.S.C. §§ 157 and 1334. The BAP had jurisdiction pursuant to 28 U.S.C. § 158(c)(1). This court has jurisdiction over the BAP's final order under 28 U.S.C. §§ 158(d)(1) and 1291, and we affirm.

Federal Rule of Civil Procedure 15, concerning amended and supplemental pleadings, applies in bankruptcy adversary proceedings. Fed. R. Bankr. P. 7015. Leave to amend should be granted with "extreme liberality." *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (internal quotations omitted) (quoting *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009)). The

opportunity to amend is especially important in discharge cases because of the short time frame in which a complaint must be filed. *In re Magno*, 216 B.R. at 38. Bankruptcy courts generally consider four factors to determine whether leave to amend should be granted: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment. *Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007). Appellants argue the amendment was futile because it did not relate back to the original complaint, and was thus time barred.

Although the parties assume that it was necessary to amend the original complaint in order for the U.S. Trustee to argue that the Ravasias made false oaths on their schedules regarding their income and expenses and their 2016 tax refund, paragraphs 54 and 56 of the original complaint were sufficient to put the Ravasias on notice of both the factual and legal grounds for the U.S. Trustee's claims. *See In re Gunn*, 111 B.R. 291, 292–93 (B.A.P. 9th Cir. 1990).

An amendment relates back to the date of the original complaint when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B); *In re Dominguez*, 51 F.3d 1502, 1510 (9th Cir. 1995). To relate back, a claim should be capable of being proven by the "same kind of evidence offered

in support of the original pleading." *In re Dominguez*, 51 F.3d at 1510 (cleaned up) (quoting *Percy v. S.F. Gen. Hosp.*, 841 F.2d 975, 978 (9th Cir. 1988)).

The amended complaint arises out of the same conduct, transaction, or occurrence set forth in the original complaint—the Ravasias' deliberate misrepresentation of their financial situation in their schedules and statement of financial affairs.

**AFFIRMED.**