**In re John B. ALBERT, Debtor.**

**CONTINENTAL CASUALTY COMPANY and Transportation Insurance Company, Plaintiffs/Appellees,**

v.

**John B. ALBERT, Defendant/Appellant.**

**BAP No. SC 89–1859–OPV.**
**Bankruptcy No. 88–09058–LM–07.**
**Adv. No. 89–90186–LM7.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted March 12, 1990.

Decided May 9, 1990.

Thomas J. Gilmore, San Diego, Cal., for appellant.

Daniel F. Reardon, Los Angeles, Cal., for appellee.

Before OLLASON, PERRIS and VOLINN, Bankruptcy Judges.

## OPINION

OLLASON, Bankruptcy Judge:

Debtor appeals from an order denying his motion to dismiss a dischargeability complaint filed by appellees pursuant to 11 U.S.C. § 523(c).[1] The motion alleged that the complaint was untimely under Bankruptcy Rule 4007(c).

## FACTS

Appellees obtained two orders extending the 60 day limitations period set forth in Rule 4007(c). The first extension was obtained before the time expired. The second was obtained, over debtor's objection, within the extended deadline, but after expiration of the original limitations period provided by the rule. Appellees' complaint objecting to discharge was filed prior to expiration of the second extended deadline.

## DISCUSSION

The question presented by this appeal is whether the bankruptcy court has discretion under Bankruptcy Rule 4007(c) to extend the time for filing § 523(c) complaints pursuant to a request made after expiration of the original deadline, but before expiration of an extended deadline. The interpretation of Rule 4007(c) is a question of law to be reviewed *de novo*. *See In re Cole,* 93 B.R. 707, 708 (9th Cir. BAP 1988).

Bankruptcy Rule 4007(c) provides, in part:

---

1. An order denying a motion to dismiss an adversary proceeding is interlocutory. We grant review on our own motion.

A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first meeting of creditors held pursuant to § 341(a).... On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

The limitations period provided by Rule 4007(c) allows debtors and creditors to determine relatively soon which debts may be excepted from discharge pursuant to § 523(c), and protects the "fresh start" policy from being weakened by dischargeability litigation long after bankruptcy. *In re Kirsh,* 65 B.R. 297, 299 (Bankr.N.D.Ill. 1986). The Bankruptcy Rule 9006(b)(3) provision requiring that the time to file a § 523(c) complaint may be extended "only to the extent and under the conditions stated in" Rule 4007(c) was intended to eliminate uncertainty in the application of Rule 9006 to time-barred dischargeability objections based on excusable neglect. *In re Rhodes,* 71 B.R. 206 (9th Cir. BAP 1987). *Rhodes* held that a court has no discretion to enlarge the time for filing objections to discharge if the request to do so is made after the deadline for filing such complaints. *Rhodes,* 71 B.R. at 207. Dicta suggesting that an extension cannot be granted "if the request is made after the *initial* deadline has passed," *In re Burke,* 95 B.R. 716, 718 (9th Cir. BAP 1989) (emphasis added), merely restated this rule, citing authority holding that the time may not be enlarged after the complaint is time-barred. *See, e.g., In re Hill,* 811 F.2d 484, 486 (9th Cir.1987); *In re Ricketts,* 80 B.R. 495, 496–97 (9th Cir. BAP 1987).

Rule 4007(c) clearly provides that a motion to extend the deadline for objecting to discharge may not be used to revive an expired limitations period. It does not limit the number of extensions that may be granted. Unlike Rule 4007(c), other rules subject to the Rule 9006(b) restrictions contain specific limitations on the court's power to grant extensions. *E.g.,* Bankruptcy Rule 1006(b)(2) ("court may extend the time of any installment provided that the last installment is paid not later than 180 days after filing"); Bankruptcy Rule 8002(c) ("court may extend the time for filing a notice of appeal by any party for a period not to exceed 20 days"). A general limitation in one rule is presumed not to include specific limitations in other rules.

*In re Victoria Station, Inc.,* 875 F.2d 1380 (9th Cir.1989) presented a question similar to the issue here. The debtor in that case requested and obtained successive extensions of time to assume or reject a lease pursuant to 11 U.S.C. § 365(d)(4), which provides, in part:

[I]f the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60 day period, fixes, then such lease is deemed rejected....

The *Victoria Station* lessor contended "that section 365(d)(4) permits a bankruptcy judge to grant only one extension of time where a debtor moves for his second extension after the first 60 days." 875 F.2d at 1383. The court rejected that construction, and held that "section 365(d)(4) permits the court to grant further extensions" where the time to assume or reject had been enlarged for cause pursuant to a request made within the first 60 days. 875 F.2d at 1385.

The Ninth Circuit's interpretation of the stricter statutory language in section 365(d)(4) supports our interpretation of Bankruptcy Rule 4007(c). The deadline for requesting an enlargement of time under that rule is not limited to the original date determined by adding 60 days to the date of the first 341 meeting. It is instead the time when a complaint can no longer be filed. An extended deadline is not a new deadline, it is the same deadline moved to a new time.

## CONCLUSION

We conclude that a bankruptcy judge has discretion under Bankruptcy Rule 4007(c)

to extend the time for filing 523(c) complaints so long as the request to extend the deadline is made when the complaint can still be filed. *Accord, In re Alan Barr*, 47 B.R. 334, 336 (Bankr.E.D.N.Y.1985). Circumstances may make more than one extension appropriate or a single extension inappropriate. The matter must therefore be committed to the sound discretion of the trial court. We find no abuse here.

Affirmed.