In re Kim Evan **TRAVERS**, Debtor.

Kim Evan **TRAVERS**, Appellant,

v.

Gary **DRAGUL**, David Dragul, Robert Armbruster and Susan Connelly, Appellees.

BAP No. CC–96–1032–MeJJa. Bankruptcy No. SA 95–15356 JB.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Sept. 19, 1996.

Decided Nov. 6, 1996.

Linda S. Conway, Santa Ana, CA, for Appellant.

Richard D. Sievert, Los Angeles, CA, for Appellees.

Before: MEYERS, JONES and JAROSLOVSKY[1], Bankruptcy Judges.

## OPINION

MEYERS, Bankruptcy Judge:

### I

Kim Evan Travers ("Debtor") appeals the bankruptcy court's order granting an extension of time for Gary Dragul, David Dragul, Robert Armbruster and Susan Connelly (collectively, the "Plaintiffs") to file complaints concerning dischargeability under Bankruptcy Code Section 523 and objecting to discharge under Section 727.

We **DISMISS** this appeal as interlocutory.

### II

#### FACTS

The Plaintiffs are judgment creditors of the Debtor's brother. On May 25, 1995, the Plaintiffs filed a complaint in the United States District Court for the District of Colorado against the Debtor and several others for avoidance of allegedly fraudulent transfers.

Six hours before the complaint was filed, the Debtor filed a Chapter 7 petition. The deadline to file complaints to determine dischargeability of debt pursuant to Section 523 and objecting to discharge under Section 727 was September 5, 1995.

On August 31, 1995, the Plaintiffs filed a motion to extend time for filing complaints. The Debtor objected and a hearing was held. On November 3, 1995, the bankruptcy court entered an order granting the Plaintiffs' motion. The Debtor filed a motion for reconsideration on November 13, 1995. He filed a notice of appeal on December 27, and the court denied the motion for reconsideration on December 28.

### III

#### DISCUSSION

The Panel has an independent duty to ensure it has jurisdiction over this appeal. *In re Lakeshore Village Resort, Ltd.,* 81 F.3d 103, 105 (9th Cir.1996). Accordingly, we may determine our jurisdiction *sua sponte. In re Peters,* 191 B.R. 411, 416 (9th Cir. BAP 1996). The Debtor filed his notice of appeal more than ten days after entry of the order granting an extension of the bar date and one day before entry of the order denying reconsideration. The appeal is timely under Fed.R.Bankr.P. 8002. Under Rule 8002(b), a timely motion to alter or amend the judgment under Fed.R.Bankr.P. 9023 tolls the time for filing an appeal. *In re Watson,* 192 B.R. 739, 742 n. 3 (9th Cir. BAP 1996). And under Rule 8002(a), a notice of appeal filed before entry of an order is treated as filed on the date the order was entered.

Though timely, the appeal is interlocutory. An interlocutory order is one which does not finally determine a cause of action, but instead decides only an intervening matter. *In re Kashani,* 190 B.R. 875, 882 (9th Cir. BAP 1995). To become final, the order must end the litigation or dispose of a complete claim for relief, leaving nothing for the court to do but execute the judgment. *Id.* Here, the order allowing an extension of the filing deadline determined only an intervening matter of the Plaintiffs' claims against the Debtor. *See Connelly v. Shatkin Inv. Corp.,* 57 B.R. 794, 796 (N.D.Ill.1986) ("The decision to permit the filing of the complaint, far from conclusively determining a dispute over a creditor's claim, sets that dispute into

---

**1.** Hon. Alan Jaroslovsky, from the Northern District of California, sitting by designation.

motion. Thus, the bankruptcy judge's order is not a final one.")

 The denial of a motion to dismiss a Section 523 complaint is an interlocutory order. *In re Burke,* 95 B.R. 716, 717 (9th Cir. BAP 1989). The order on appeal is not a denial of a motion to dismiss; yet it had the same result. By granting the extension of time to file the complaint to determine dischargeability, the court allowed the complaint to go forward.

28 U.S.C. § 158(a) authorizes the Panel to grant leave to appeal an interlocutory order. *Id.* Although the Debtor did not file a motion for leave to appeal, under Fed.R.Bankr.P. 8003(c) we may treat a notice of appeal as a motion for leave to appeal. *Id.* "Granting leave is appropriate if the order involves a controlling question of law where there is substantial ground for difference of opinion and when the appeal is in the interest of judicial economy because an immediate appeal may materially advance the ultimate termination of the litigation." *Kashani, supra,* 190 B.R. at 882.

This case does not involve a legal issue where there is substantial ground for difference of opinion. The only issue in the appeal is whether, under the particular facts of this case, the court abused its discretion in granting an extension of time. *See In re Albert,* 113 B.R. 617, 618–19 (9th Cir. BAP 1990) (decision to extend time for filing complaint to determine discharge is committed to trial court's sound discretion, so long as request to extend deadline is made before deadline's expiration).[2]

Nor would the appeal be in the interest of judicial economy. If the bankruptcy court ultimately were to find in the Debtor's favor, there would be no need to appeal the motion to extend the bar date. Judicial economy would be served by dismissing this appeal.

Consequently, we **DISMISS** the appeal.

---

**2.** This case differs from previous ones in which we granted leave to appeal interlocutory orders involving extensions of time to file dischargeability complaints. In contrast to the instant case, the issues in those appeals were purely legal. *See Albert, supra,* 113 B.R. at 617 n. 1 (whether court could extend time for filing § 523 complaint when request was made after original deadline expired, but before expiration of extended deadline); *Burke, supra,* 95 B.R. at 717 (similar issue); *In re Goralnick,* 81 B.R. 570, 571 n. 3 (9th Cir. BAP 1987) (whether conversion of case from Chapter 11 to Chapter 7 resulted in new deadline for filing nondischargeability complaint); *In re Price,* 79 B.R. 888, 889 (9th Cir. BAP 1987) (whether type of notice provided sufficiently bound creditor to filing deadline for § 523 complaint), *aff'd,* 871 F.2d 97 (9th Cir. 1989).