FILED

JUN 5 2020

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. NV-19-1157-GLB |
| CHRISTOPHER SCOTT EMOND and JESSICA LYNN KLEINEDLER, | Bk. No. 3:18-bk-51350-BTB |
| Debtors. | |
| CHRISTOPHER SCOTT EMOND; JESSICA LYNN KLEINEDLER, | |
| Appellants, | |
| v. | **MEMORANDUM**[*] |
| RYAN MCCARTHY INVESTMENTS, LLC, | |
| Appellee. | |

Argued and Submitted on May 21, 2020

Filed – June 5, 2020

_____

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value. *See* 9th Cir. BAP Rule 8024-1.

Appeal from the United States Bankruptcy Court
for the District of Nevada

Honorable Bruce T. Beesley, Bankruptcy Judge, Presiding

———————

Appearances:     Holly E. Estes of Estes Law, P.C. argued for Appellants;
                 Andrea M. Gandara of Holley Driggs Walch Fine Wray
                 Puzey & Thompson argued for Appellee

———————

Before: GAN, LAFFERTY, and BRAND, Bankruptcy Judges.


**INTRODUCTION**

Chapter 7[1] debtors Christopher Scott Emond and Jessica Lynn Kleinedler ("Debtors") appeal the bankruptcy court's order granting creditor Ryan McCarthy Investments, LLC's ("McCarthy") motion to extend the deadline to file a nondischargeability complaint. Contrary to Ninth Circuit precedent, the bankruptcy court extended the deadline without a finding or showing of "cause" under Rule 4007(c). Without any explanation why McCarthy could not file the complaint within the original deadline, the facts in the record do not support a finding of cause. Accordingly, we REVERSE.

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

## FACTS

### A. Prepetition Events

Prior to filing the bankruptcy case, Mr. Emond was the manager and 44.2% owner of Lovely Rita's Brewing Company, LLC ("Lovely Rita's"). In March of 2018, Lovely Rita's borrowed $80,000 from McCarthy. In May 2018, Mr. Emond borrowed an additional $270,000 in an individual capacity from McCarthy, and executed a promissory note stating that Lovely Rita's previous $80,000 obligation would be assumed by Mr. Emond. The note provides for payment of $394,838.20 on April 30, 2021.

On November 2, 2018, Lovely Rita's filed a chapter 7 bankruptcy case. The initial § 341 meeting of creditors was held on December 20, 2018, and continued to February 5, 2019. McCarthy's attorney attended both § 341 meetings and asked Mr. Emond, as representative of Lovely Rita's, questions about the circumstances surrounding the claim.

### B. The Bankruptcy Case

On November 29, 2018, Debtors filed a chapter 7 bankruptcy case. They scheduled assets of $44,237.69, all of which were claimed as exempt, priority claims of $89,499.79, and nonpriority claims of $1,179,616.10. Debtors scheduled an unsecured claim in favor of McCarthy in the amount of $394,834.20. McCarthy received notice of the bankruptcy filing in December 2018, which stated that the deadline to file a complaint to except

a debt from discharge was March 11, 2019. The § 341 meeting in the Debtors' case was held on January 10, 2019 and was continued to February 21, 2019.

On March 11, 2019, McCarthy filed a motion to extend the time to file a nondischargeability complaint. McCarthy did not support the motion with a declaration or other evidence. It stated that McCarthy was in the process of evaluating testimony taken at the meetings of creditors as well as its records to determine whether to file a nondischargeability complaint. McCarthy also stated that its counsel was in the process of separating from his current law firm and asserted that neither the Debtors nor other creditors would be harmed by granting an extension.

McCarthy erroneously filed the notice of hearing on the motion in the Lovely Rita's case. On March 18, 2019, the bankruptcy clerk's office filed a notice of docketing error. On April 23, 2019, McCarthy filed the notice in the Debtors' case, setting the hearing for June 12, 2019.

Debtors filed an objection to the motion for extension and argued that McCarthy's motion failed to comply with Local Bankruptcy Rule 9014(c)(1) and did not cite any cause to support an extension under Rule 4007(c). Debtors also argued that the request should be barred by the doctrine of laches because McCarthy delayed setting the motion for hearing and as of the date of the objection, McCarthy had still not filed a complaint or sought any discovery.

## C. The Hearing and the Court's Ruling

On June 12, 2019, the court held a hearing on McCarthy's motion. At the hearing, McCarthy argued that the major reason for the extension request was that the Debtors' § 341 hearing was continued from January 10, 2019 to February 21, 2019, and only 20 days remained after the conclusion of the meeting and the March 11, 2019 deadline. McCarthy also argued that the balance of equities favored granting the motion and because the loan was made to Mr. Emond for use in Lovely Rita's, McCarthy had to integrate information from § 341 meetings in both cases.

Debtors argued that McCarthy's counsel was permitted to ask questions at the § 341 meetings in the Lovely Rita's case as well as the individuals' case and McCarthy had plenty of time to review the facts and circumstances of the loans. Debtors argued that McCarthy did not provide any reason to warrant an extension of time.

The bankruptcy court granted the motion to extend but did not make any factual findings. The court required McCarthy to file its complaint withing ten days, set a deadline for Debtors to respond, and set a trial date on the to-be-filed complaint for July 23, 2019.

The court entered an order granting the extension motion on June 18, 2019. Debtors timely appealed and we granted Debtor's motion for leave to appeal an interlocutory order.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court abuse its discretion in granting the motion to extend the deadline to file a nondischargeability complaint?

## STANDARD OF REVIEW

We review a bankruptcy court's decision to extend time for filing a nondischargeability complaint for abuse of discretion. *Willms v. Sanderson (In re Sanderson),* 723 F.3d 1094, 1103 (9th Cir. 2013); *Cont'l Cas. Co. v. Albert (In re Albert)*, 113 B.R. 617, 619 (9th Cir. BAP 1990).

We apply a two-step test to determine whether the bankruptcy court abused its discretion. *Sullivan v. Harnisch (In re Sullivan)*, 522 B.R. 604, 611 (9th Cir. BAP 2014). First, we consider de novo whether the bankruptcy court applied the correct legal standard to the requested relief. *Id.* Then we review the bankruptcy court's factual findings for clear error. *Id.* Factual findings are clearly erroneous if they are illogical, implausible, or without support in the record. *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1196 (9th Cir. 2010).

## DISCUSSION

Debtors argue that the bankruptcy court erred in granting the motion because although McCarthy filed a motion within the sixty-day deadline, it

failed to establish any basis for "cause" under Rule 4007(c).

Rule 4007(c) requires that "a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Pursuant to Rule 9006(b)(3), the bankruptcy court can extend the deadline only to the extent and under the conditions stated in Rule 4007(c), which permits an extension for cause, on a motion from a party in interest filed within the sixty-day deadline.

Under Ninth Circuit law, Rule 4007(c) is strictly construed. *Allred v. Kennerley (In re Kennerley),* 995 F.2d 145, 147 (9th Cir. 1993). A creditor seeking an extension of the deadline "must file a motion before the deadline passes and show cause why the extension is necessary." *In re Sanderson*, 723 F.3d at 1100.

A bankruptcy court abuses its discretion by granting a motion to extend the deadline "without either a showing or a finding of cause." *Id.* at 1103. "Cause" is not defined in the Rules or the Bankruptcy Code, but it "must be compelling and a creditor must show why it was not able to comply with the deadline as originally set." *Id*. at 1104 (citing 9 COLLIER ON BANKRUPTCY ¶ 4007.04 [3] (Alan N. Resnick & Henry J. Sommer, eds. 16th ed. rev. 2020)).

## 1. The Bankruptcy Court Abused Its Discretion By Granting The Motion Without A Showing Or Finding of Cause

The bankruptcy court did not make any factual findings to support cause under Rule 4007(c). The order extending the deadline and the transcript of the hearing are silent as to the court's basis for extending the deadline.

McCarthy also failed to show cause in its motion. The four-paragraph motion to extend the deadline stated that McCarthy obtained information which caused it to believe it had a nondischargeability claim. The motion also stated that the circumstances surrounding the bankruptcy filing were complex, McCarthy was in the process of evaluating testimony and documents to determine whether to file a nondischargeability action, and counsel was in the process of separating from his law firm.

However, just as the creditor in *Sanderson*, McCarthy provided no explanation why it was unable to complete its investigation prior to the deadline. *See id.* at 1104. ("Critically, they failed to explain **why** they did not complete their investigation prior to the deadline."). Allowing a creditor to extend the deadline to determine "whether or not [it] even **had** a viable argument for nondischargeability—without any explanation why [it] could not have made this determination within the time set by Rule 4007—would render the standard toothless." *Id.* (citing 9 COLLIER ON BANKRUPTCY ¶ 4007.04).

Despite McCarthy's failure to show cause and the court's lack of findings, we may affirm on any basis supported by the record. *See Caviata Attached Homes, LLC v. U.S. Bank Nat'l Assoc. (In re Caviata Attached Homes, LLC)*, 481 B.R. 34, 44 (9th Cir. BAP 2012). But, we find nothing in the record to establish cause under Rule 4007(c).

McCarthy merely cited circumstances which may, or may not, have adversely impacted its ability to timely file a nondischargeability complaint. Creditors routinely file nondischargeability complaints for claims involving complicated factual situations and lawyers routinely satisfy filing deadlines while changing firms. McCarthy did not explain why these circumstances impacted its ability to file a nondischargeability complaint within the Rule 4007(c) deadline.

At the hearing on the motion, McCarthy argued that "the biggest cause for the extension of time request is that the original 341 hearing was continued from January 10th, 2019 to February 21st." Hr'g Tr. 2:15-18, June 12, 2019. But again, McCarthy did not explain why the continued hearing adversely affected its ability to timely file a complaint.

McCarthy argues that we can infer that Debtors did not provide adequate information at the initial meeting of creditors from the fact that the meeting of creditors was continued, and this inference can support cause under Rule 4007(c). The transcripts of the § 341 meetings are not in the record and surrounding circumstances do not support such an

inference.

There is no indication in the record that Debtors delayed or frustrated McCarthy's discovery attempts, or even that McCarthy conducted any discovery prior to the deadline. McCarthy stated in its motion that it had obtained information at the meetings of creditors which caused it to believe it had a nondischargeability claim. Yet, the record contains no evidence that it did anything to further establish the factual basis of its claim. We find no support in the record to indicate that McCarthy was unable to discover relevant facts and determine whether to file a nondischargeability complaint prior to the deadline.

McCarthy cites *In re Rubin*, No. 2:16-bk-12936-RK, 2016 WL 4442846 (Bankr. C.D. Cal. Aug. 22, 2016) for the proposition that "cause" can exist if a creditor is waiting for the chapter 7 trustee to determine whether assets will be administered. McCarthy did not assert this basis for cause in its motion, and there is no reason to believe that McCarthy needed confirmation that Debtors' case was a no-asset case before deciding to file a nondischargeability complaint. Debtors' schedules indicated that in addition to having no non-exempt assets, they had priority debts of $89,499.79. The bankruptcy notice sent to McCarthy in December 2019 stated that no property appeared available to pay creditors and filing a proof of claim was not necessary. Unlike the creditor in *Rubin*, McCarthy was not waiting for the § 341 meeting to be conducted. It had already

attended the meetings of creditors in both cases and asked questions related to its claim.

McCarthy did not show, and the bankruptcy court did not find, cause to extend the Rule 4007(c) deadline. The record does not provide a basis to affirm the order without some explanation as to why McCarthy was unable to file the complaint within the sixty-day deadline. The bankruptcy court abused its discretion by granting the motion without a finding or showing of cause.

## CONCLUSION

For the reasons set forth above, we REVERSE the bankruptcy court's order extending the deadline to file a nondichargeability complaint.