**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>THEOS FEDRO HOLDINGS, LLC,<br>　　　　　　　　Debtor. | BAP No. NC-23-1086-BSC<br><br>Bk. No. 21-30202 |
| PHILIP ACHILLES, individually and in his capacity as trustee of the Achilles Revocable Trust dated May 27, 2003,<br>　　　　　　　　Appellant,<br>v.<br>PENDER CAPITAL ASSET BASED LENDING FUND I, L.P.,<br>　　　　　　　　Appellee. | Adv. No. 21-03023<br><br><br><br>**MEMORANDUM∗** |

Appeal from the United States Bankruptcy Court
for the Northern District of California
Dennis Montali, Bankruptcy Judge, Presiding

Before: BRAND, SPRAKER, and CORBIT, Bankruptcy Judges.

### INTRODUCTION

Appellant Philip Achilles, individually and in his capacity as trustee of

the Achilles Revocable Trust dated May 27, 2003 ("Achilles"), appeals an

order denying his motion for an extension of time to file a late opposition to

a summary judgment motion filed by defendants Pender Capital Asset

---

∗ This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

1

Based Lending Fund I, L.P. ("Pender") and Pender Capital, Inc. ("PCI"). Achilles did not file an opposition and summary judgment was entered against him without a hearing. The bankruptcy court determined that Achilles lacked standing to assert the claims raised in the complaint, so granting relief to file a late opposition was futile. Because the ruling on Achilles's standing was dispositive, the court did not determine if he established excusable neglect.

We conclude that the order on appeal is interlocutory, and we further deny leave to appeal. Therefore, because we lack jurisdiction, we DISMISS.

**FACTS**

In 2017, Achilles sought a refinance loan for a commercial property consisting of a multi-story parking garage and office space (the "Property"). Achilles's trust held title to the Property, which had a value of $7 million.

Pender, a hard-money lender, agreed to provide a 12-month refinance loan for $3.6 million on the condition that Achilles would create an entity for the purpose of holding title to the Property and acting as the borrower. Consequently, Achilles created Theos Fedro Holdings, LLC ("Debtor") and title to the Property was transferred from Achilles's trust to Debtor. Achilles, on behalf of Debtor, signed a promissory note secured by a deed of trust against the Property and other related documents for the loan to Debtor. Of the total loan proceeds, $515,000 was identified as "holdback" funds to be disbursed upon Debtor's satisfaction of certain conditions. The holdback funds were earmarked to pay for outstanding liens and repairs to the

2

Property. John A. Wise & Associates ("Wise") served as the disbursement agent for the holdback funds. The loan was extended for six months on two occasions, until December 2019.

In 2020, Achilles and Debtor filed a first amended complaint ("FAC") in California state court asserting six causes of action against Pender, PCI, and the California Labor Commissioner ("CLC")[1] for: (1) breach of contract; (2) fraud; (3) unfair competition; (4) quiet title; (5) negligence; and (6) usury ("State Court Action"). In short, Achilles and Debtor alleged that Pender and PCI failed to disburse some of the holdback funds (and continued to charge interest on that amount), thereby causing Achilles and Debtor damages. Achilles specifically alleged that Pender and PCI engaged in fraud because they induced him to transfer the Property to Debtor on their promise that they would tender the entire loan amount to Debtor, when they had no intention of ever doing so. Achilles and Debtor subsequently filed a second amended complaint in the State Court Action.

After Debtor filed a chapter 11[2] bankruptcy case on March 16, 2021, to avoid Pender's foreclosure sale of the Property, Pender and PCI removed the State Court Action to the bankruptcy court. In addition to Achilles and

---

[1] After Pender agreed to provide the loan to Debtor, but before the loan closed, CLC obtained four judgments against Achilles for unpaid wages and penalties totaling $216,207.23 and obtained four abstracts of judgment. After the Pender loan closed, CLC recorded the four abstracts of judgment against the Property.

[2] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

Debtor's complaint, Pender had filed two cross-complaints – one against Achilles and the other against Wise. The entire action, including the cross-complaints, was removed. The FAC was attached to the removal notice, notwithstanding that the operative complaint was the second amended complaint.[3]

Once Janina Hoskins ("Trustee") was appointed as the chapter 11 trustee in Debtor's case, she filed what was captioned as a "second" amended complaint in the removed State Court Action, naming only Debtor as plaintiff and Pender, PCI, and Wise (and a Wise employee) as defendants (the "TFH Adversary"). Trustee alleged eleven claims, seven against Pender and PCI, including breach of contract and the implied covenant of good faith and fair dealing, fraudulent business practices, and conspiracy.

Pender and PCI successfully moved for dismissal of Trustee's second amended complaint and her subsequent third amended complaint, which the bankruptcy court dismissed without leave to amend. The bankruptcy

---

[3] Achilles and Debtor had filed a "second" amended complaint against Pender and PCI before the removal, and that was the operative complaint, not the FAC. Pender and PCI knew this, as reflected in page 7 of their cross-complaint against Achilles. We do not have a copy of the second amended complaint in the record, but according to a letter dated March 4, 2021 (12 days before Debtor filed for chapter 11), drafted by counsel for Pender and PCI and addressed to Mr. Libarle, counsel for Achilles, it asserted six causes of action – five of which were the same as in the FAC, but the claim for negligence was replaced with a claim for interference with contractual relations. For reasons unknown, Pender and PCI attached a copy of the non-operative FAC to the removal notice. Achilles has never raised this issue. In any event, without the missing operative complaint it is unknown what facts were alleged against whom or what claims were asserted by which plaintiff – Achilles or Debtor.

court ruled that allowing Trustee to further amend would be both unfair and futile. Her prior attempts, and her proposed fourth amended complaint, failed to address Debtor's initial default under the loan documents, among other things, and the TFH Adversary had not moved past the pleading stage after more than a year. Trustee did not appeal.

Pender and PCI then moved for summary judgment against Achilles to resolve the six claims he alleged in the FAC against them in the State Court Action ("MSJ"). Both of Achilles's attorneys – Messrs. Libarle and Macdonald – were served with the MSJ. Pender and PCI argued that Achilles lacked standing to bring the claims and that they failed as a matter of law. As for Achilles's fraud claim, Pender and PCI argued that he lacked standing because it was based on the allegation that Pender and PCI never intended to perform under the terms of the loan and give Debtor the amount of money they promised. Pender and PCI argued that any purported fraud claim belonged to Debtor's estate and Trustee never alleged one. Further, argued Pender and PCI, Achilles had not identified any misrepresentations made to him, and the decision not to disburse the holdback funds because of Debtor's initial default was not fraud.

Although the MSJ hearing was initially set for December 16, 2022, it was decided at a hearing on other matters on November 18, 2022, that the MSJ (and other adversary matters) would be stayed and the December 16 hearing taken off calendar, because Trustee was working on a sale of the Property and the parties were attending a mediation. At the November 18

5

hearing, Mr. Macdonald acknowledged receipt of the MSJ and stated that they were considering filing an opposition for Achilles.

A further status hearing for all adversary matters was eventually set for January 20, 2023. No counsel appeared for Achilles at that hearing. There, the bankruptcy court lifted the stay on all adversary matters, including the MSJ.

On February 9, 2023, Pender and PCI filed and served on both of Achilles's attorneys a second notice of hearing for the MSJ for March 3, 2023 ("Second Notice"). The party listed as "plaintiff" was Trustee, not Achilles, but that is how the TFH Adversary had been captioned. Achilles was not mentioned in the Second Notice.

For reasons not clear on the record, two days before the scheduled hearing the bankruptcy court entered an order granting the MSJ, stating that it was "well-taken and Achilles had not opposed" ("MSJ Order").

Three weeks after the bankruptcy court entered the MSJ Order, Achilles filed a motion to extend the time to file a late opposition to the MSJ under Rule 9006(b)(1) ("Extension Motion"). Achilles argued that the failure to file an opposition to the MSJ was due to excusable neglect and that the factors set forth in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993) weighed in favor of relief. Mr. Libarle acknowledged receiving the Second Notice but said he was not aware that it pertained to Achilles; Achilles's name was not in the caption or anywhere in the document. Mr. Libarle stated that he gave the Second Notice only a

cursory look and determined, in error, that the MSJ did not concern his client. Mr. Libarle asserted that opposing counsel also made no effort to meet and confer about the MSJ.

In opposition, Pender and PCI argued that Achilles failed to establish excusable neglect under "[Civil] Rule 60(b)(1)." They disputed the contentions that Achilles's attorneys had no notice that the MSJ pertained to him and that no efforts were made to meet and confer. Pender and PCI further argued that the Extension Motion was not filed in good faith, and that allowing Achilles to file a late opposition to the MSJ would be prejudicial because they would have to continue litigating his groundless claims that he lacked standing to bring.

At the hearing, the bankruptcy court denied the Extension Motion for lack of standing ("Extension Order").[4] Because that issue was dispositive, the court did not determine if Achilles established excusable neglect for not filing an opposition to the MSJ. This timely appeal followed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We discuss our jurisdiction below.

---

[4] The bankruptcy court did not articulate a factual basis for its conclusion that Achilles lacked standing to assert any of his individual claims against Pender and PCI, including his claim for fraud to induce him to transfer the Property to Debtor. That claim was never asserted by Trustee. Notwithstanding this, the court determined that Debtor had no right to pursue the State Court Action against Pender and PCI. But the issue was whether Achilles, a nondebtor plaintiff, had standing to pursue his individual claims, particularly his fraud claim, alleged in the State Court Action against Pender and PCI.

## ISSUE

Is the Extension Order interlocutory?

## STANDARD OF REVIEW

We review our jurisdiction de novo. *Ellis v. Yu (In re Ellis),* 523 B.R. 673 677 (9th Cir. BAP 2014).

## DISCUSSION

We have jurisdiction to hear appeals "from final judgments, orders, and decrees" of the bankruptcy court, and "with leave of the court, from other interlocutory orders and decrees." 28 U.S.C. § 158(a). Pender argues that the Extension Order is interlocutory and that the appeal must be dismissed for lack of jurisdiction.

As Pender explains, the MSJ Order was (and still is) interlocutory because it did not dispose of all claims and all parties in the TFH Adversary, but only of Achilles's claims against Pender and PCI. Pender notes that its cross-claims are still pending against Achilles and Wise, as are Trustee's affirmative claims against Wise. Pender argues that, because no final judgment has been entered in the TFH Adversary, the Extension Order denying Achilles's request to extend the time to file a late opposition to the MSJ is similarly interlocutory.

Finality of orders entered in bankruptcy adversary proceedings do not differ from finality in orders entered in ordinary federal civil actions under 28 U.S.C. § 1291. *Belli v. Temkin (In re Belli),* 268 B.R. 851, 855 (9th Cir. BAP 2001). Such orders are treated as final for appeal purposes if they "end[] the

8

litigation on the merits and leave[] nothing for the court to do but execute the judgment." *Catlin v. United States,* 324 U.S. 229, 233 (1945); *see also Certain Underwriters at Lloyds, Syndicates 2623/623 v. GACN, Inc. (In re GACN, Inc.),* 555 B.R. 684, 691 (9th Cir. BAP 2016), *appeal dismissed,* No. 16-60079, 2017 WL 4513499 (9th Cir. May 10, 2016). Under Civil Rule 54(b), applicable here by Rule 7054, the grant of summary judgment on less than the entire suit in multiple-party or multiple-claim litigation is generally interlocutory and not appealable until the case is fully adjudicated. *See* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FED. PRAC. & PROC. § 2715 (3d. ed. 2013); *see also Curlott v. Campbell,* 598 F.2d 1175, 1180 (9th Cir. 1979).

Like the interlocutory MSJ Order, the Extension Order denying Achilles's request to extend the time to file a late opposition to the MSJ did not end the litigation on the merits and leave the court only with the task of entering a judgment. Accordingly, we agree with Pender that the Extension Order is not a final, appealable order and is interlocutory. However, our inquiry does not end there.

It is undisputed that the Extension Order was not certified for appeal by the bankruptcy court under Civil Rule 54(b),[5] and Achilles did not file a

---

[5] Civil Rule 54(b) provides:

When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of

motion for leave to appeal the interlocutory Extension Order as required under Rule 8004(a). However, we have the discretion to treat Achilles's timely notice of appeal as a motion for leave to appeal. Rule 8004(d). We do treat the notice as such, but the motion is denied.

Leave to appeal an interlocutory order is appropriate where (1) there is a controlling question of law, (2) as to which a substantial ground for a difference of opinion exists, and (3) an immediate appeal could materially advance the ultimate termination of the litigation. *In re GACN, Inc.*, 555 B.R. at 692. The Extension Order does not involve a controlling question of law as to which a substantial ground for a difference of opinion exists. Achilles missed the deadline by which to file an opposition to the MSJ and filed a motion to extend the time to file a late opposition under Rule 9006(b)(1)[6] after the MSJ Order had been entered. Under Rule 9006(b)(1), the bankruptcy court has discretion to extend a deadline if it finds that the failure to comply with the specified time period was due to excusable neglect. Whether the bankruptcy court here abused its discretion in denying the Extension Motion is not a controlling question of law. *See Travers v. Dragul (In re Travers)*, 202 B.R. 624, 626 (9th Cir. BAP 1996) (determining that,

---

the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

[6] Although Achilles brought the Extension Motion under Rule 9006(b)(1), Pender and PCI framed it as motion for relief from judgment under Civil Rule 60(b)(1), applicable in bankruptcy by Rule 9024. However, Civil Rule 60(b) provides for relief from "final" orders, not interlocutory ones. It is not clear why Pender continues to argue that Achilles sought relief under Civil Rule 60(b) while also arguing that the MSJ Order is interlocutory.

under the facts of the case, the issue of whether the bankruptcy court abused its discretion in granting an extension of time did not involve a legal issue as to which a substantial difference of opinion existed). In addition, nothing suggests that resolving this matter would materially advance Trustee's litigation against Wise, or Pender's litigation against Achilles and Wise. In short, Achilles cannot establish that interlocutory appeal is appropriate.

## CONCLUSION

The Extension Order is interlocutory, the bankruptcy court did not certify it for appeal under Civil Rule 54(b), and we do not find that granting leave to appeal is warranted. Consequently, we lack jurisdiction and this appeal is DISMISSED.